**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**BUDDIE CALHOUN**                                                                              **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 2:10-CV-118-KS-MTP**

**LEAF RIVER CELLULOSE, LLC, et al.**                                 **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court finds that Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to any theory of premises liability. Accordingly, the Court **grants** Defendant's Motion for Summary Judgment [65].

### I. BACKGROUND

This is a premises liability case. Plaintiff was an employee of Jackson & Jackson Industrial Contractors, Inc. ("Jackson & Jackson"). Defendant hired Jackson & Jackson to remove and replace paper rolls from the dryer machine in its pulp mill at New Augusta, Mississippi. Plaintiff operated an overhead crane which removed paper rolls from the dryer machine. A little over a week into the job, Plaintiff tripped and fell as he walking from a bathroom to the area in which he worked. Plaintiff alleges that he slipped on a metal tube lying on the floor, causing him to injure his knee and back. Plaintiff further alleges that his injury was caused by Defendant's negligence, and he has demanded a variety of damages. Defendant filed its Motion for Summary Judgment [65], which the Court now considers.

### II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 275 (5th Cir. 2009); *see also Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004). The parties agree that Plaintiff was an invitee, "a person who goes upon the premises of another in answer to the express or implied invitation of the owner

or occupant for their mutual advantage . . . ." *Leffler*, 891 So. 2d at 156. "The owner of the premises is not an insurer of the invitee's safety, but does owe to an invitee the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is a hidden danger or peril that is not in plain and open view." *Id.* at 157. Accordingly, Plaintiff "must show that a dangerous condition exists," and that "(1) a negligent act by the defendant caused the dangerous condition; . . . (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition remained long enough to provide the defendant with constructive knowledge." *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1012 (Miss. Ct. App. 2010).[1] For the purpose of addressing the present motion, the Court assumes that the metal tube on the floor constituted an unreasonably dangerous condition.

A.    *Whether Defendant Caused the Hazard*

Defendant first argues that Plaintiff has no evidence that Defendant caused the metal tube to be on the floor. The Court agrees; the record contains no evidence whatsoever that Defendant, by its action or inaction, caused the hazard at issue in this case. Plaintiff testified that he does not know how the metal tube came to be on the floor. Likewise, Defendant's 30(b)(6) representative testified that he does not know how the metal tube came to be on the floor. Finally, Burl Huffman, Plaintiff's foreman, also testified that he does not know how the metal tube got there. In summary, the record contains no evidence probative of the metal tube's origin.

In response, Plaintiff argues that a jury could draw inferences as to the origin of the metal tubing based on circumstantial evidence. Indeed, the Mississippi Supreme Court has held, in a

---

[1] *See also Yoste v. Wal-Mart Stores, Inc.*, 822 So. 2d 935, 938 (Miss. 2002); *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995); *Delmont v. Harrison County Sch. Dist.*, 944 So. 2d 131, 133 (Miss. Ct. App. 2006); *Young v. Wendy's Int'l*, 840 So. 2d 782, 784 (Miss. Ct. App. 2003).

premises liability case, that "[n]egligence . . . may be proven by circumstantial evidence, . . . evidence of a fact, or a set of facts, from which the existence of another fact may be reasonably inferred." *Hardy v. K Mart Corp.*, 669 So. 2d 34, 38 (Miss. 1996) (punctuation omitted). Huffman testified that Jackson & Jackson never used steel tubing like that which caused Plaintiff's accident. Therefore, Plaintiff argues that a Jackson & Jackson employee could not have been responsible for its presence on the work floor, and that it would be reasonable for a jury to infer that Defendant caused it to be there. Additionally, Plaintiff testified that one of Defendant's employees was at his side immediately after the accident, along with several other people not employed by Defendant, and Huffman testified that he observed an unidentified employee of Defendant in the area where the accident occurred at some point on the day of the accident.

For the Court to allow an inference of causation as Plaintiff argues, his "circumstantial evidence must be such that it creates a legitimate inference that places [the issue] beyond conjecture." *Id.* "[I]t is not enough that this shall be left to conjecture or to inferences so loose that it cannot be independently told where conjecture ceases and cogent inferences begin[]." *Young*, 840 So. 2d at 784. Plaintiff has not offered sufficient evidence to support an inference that Defendant caused the metal tubing to be on the floor. Conjecture and speculation are the only ways to bridge the gap between the above facts and the conclusion that Defendant caused the hazard.

Plaintiff cites *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197 (Miss. 2008), as an example of a case where circumstantial evidence created a genuine issue of material fact. However, the circumstantial evidence there was markedly different than the circumstantial evidence here. In *Pigg*, a family rented a hotel room. *Id.* at 1199. When the minor child of the family shut a bathroom door, the mirror on the back of the door fell, shattered, and injured the child. *Id.* at 1199. The

plaintiffs presented evidence of "loosely-attached mirrors in two adjacent rooms . . . ." *Id.* at 1200. Accordingly, the Mississippi Supreme Court held that there was a genuine issue of fact as to whether the defendant "knew or should have known of the loose mirror, and whether it was negligent in inspecting its premises." *Id.* Plaintiff has not presented any evidence of other hazards suggesting a pattern of negligence, like the *Pigg* plaintiff did. Therefore, *Pigg* is distinguishable.

Plaintiff's "circumstantial evidence" argument is essentially identical to his argument that a jury may infer that Defendant caused the hazard under the doctrine of *res ipsa loquitur*. There are four elements to the *res ipsa loquitur* doctrine:

> 1) the matter must be within the common knowledge of laymen; 2) the instrumentality causing the damage must be under the exclusive control of the defendant; 3) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care; and 4) the occurrence must not be due to any voluntary act on the part of the plaintiff.

*Brown v. Baptist Mem'l Hosp.-Desoto, Inc.*, 806 So. 2d 1131, 1135 (Miss. 2002). Plaintiff similarly argues 1) that the area where the pipe lay was under the control of Defendant;[2] 2) that Plaintiff was injured by the pipe; and 3) therefore, it would be permissible for a jury to infer that Defendant caused the pipe to be there, whether through its action or inaction. However, the doctrine of *res ipsa loquitur* is inapplicable in premises liability cases under Mississippi law. *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994); *Daniels v. Morgan & Lindsey, Inc.*, 198 So. 2d 579, 584 (Miss. 1967); *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966); *Jacox v. Circus Circus Miss., Inc.*, 908 So. 2d 181, 184 (Miss. Ct. App. 2005). Accordingly, Plaintiffs arguments are fundamentally flawed.

---

[2] Defendant disagrees with this assertion. However, the issue is ultimately irrelevant to the Court's decision.

For all the reasons stated above, the Court finds that there is insufficient evidence in the record to create a genuine dispute of material fact as to whether Defendant caused the unreasonably dangerous condition which precipitated Plaintiff's injury.

### B.     *Whether Defendant Knew of the Hazard*

Even if Plaintiff has no evidence that Defendant caused the unreasonably dangerous condition, Plaintiff may still recover if he can show that "defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff . . . ." *Downs*, 656 So. 2d at 84; *see also Yoste*, 822 So. 2d at 938. Defendant first argues that Plaintiff did not properly plead a failure-to-warn claim in the Complaint. Indeed, Plaintiff did not allege that Defendant failed to warn him of a dangerous condition. The closest Plaintiff gets to pleading such a claim is his allegation that Defendant failed "to protect others from the dangerous condition."

Nonetheless, even if Plaintiff had properly plead a failure-to-warn theory of liability, the record contains no evidence whatsoever that Defendant knew the pipe was on the floor. Defendant's 30(b)(6) representative testified that Defendant did not even know the accident had occurred until Plaintiff filed the present action, and the only witness who testified that he saw the pipe prior to the accident was Mike Woodruff, an employee of Jackson & Jackson. The only evidence presented by Plaintiff that is even remotely probative of this issue is Plaintiff's testimony that a Leaf River employee was among several people who immediately responded to his accident, but that testimony is insufficient to allow an inference that Defendant knew the pipe was there in time to warn Plaintiff. Accordingly, the Court finds that there is insufficient evidence in the record to create a genuine dispute of material fact as to whether Defendant had actual notice of the unreasonably dangerous condition which Plaintiff alleges caused his injury.

## C.    *Whether Defendant Should Have Known of the Hazard*

Finally, Plaintiff may recover if he can prove that "the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant . . . ." *Id.* Again, Defendant argues that Plaintiff did not plead a failure-to-warn theory of liability. For the same reasons stated above, the Court agrees. Regardless, even if Plaintiff had properly plead a failure-to-warn theory of liability, the record does not contain sufficient evidence to show that the hazard existed long enough to impute constructive knowledge to Defendant. Huffman testified that he did not recall seeing the pipe the night before the accident or at any point on the day of the accident prior to Plaintiff tripping over it. Woodruff testified that he first saw the pipe less than five minutes before Plaintiff tripped over it. At best, Plaintiff has provided evidence that the metal tube was there less than five minutes prior to his accident. That is not sufficient time to impute constructive knowledge to Defendant. *See Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286 (Miss. 1996) (two and a half hours was not sufficient time to impute constructive notice to defendant).

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [65]. An order of final judgment shall be entered separately pursuant to Rule 58.

SO ORDERED AND ADJUDGED this 23rd day of November, 2011.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE